**STATE of Missouri, Respondent,**

v.

**Cornelius BRIDGES, Appellant.**

**Cornelius BRIDGES, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 56343, 58527.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 4, 1991.

Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury of first degree murder, first degree robbery and armed criminal action and the resultant three consecutive life sentences, the first without possibility of probation or parole. He also appeals from the denial of his post-conviction motion pursuant to Rule 29.15. We affirm.

The victim, Jeanine Balsamo, had eaten dinner with several friends at Talayna's in the City of St. Louis. She and one of her friends, Kathy Sherron, were riding together in the victim's car, so they left the others to enter the Balsamo vehicle parked on a street next to the restaurant. Defendant and two others had also been eating in the restaurant and left at the same time as Sherron and Balsamo. Defendant had a gun in the waistband of his trousers partially or wholly concealed by a jacket. As he was leaving the restaurant he asked those he was with to hold up for a minute to see if defendant "can make him some money." He and one of his companions, Nathan Roper, then approached the automobile of Balsamo. Sherron had entered the vehicle on the passenger side and saw both men approaching at a fast walk. She saw no weapon. Balsamo was attempting to enter the automobile when the two men first approached and was seated in the vehicle when defendant arrived at the still partially opened door. He blocked himself between the door and the car and ordered Balsamo to give him her purse. Roper had positioned himself several feet away from but next to the passenger side of the vehicle. Defendant grabbed the purse. Balsamo placed both her hands on the purse and a struggle for the purse began. It was described by Sherron as follows:

"There was a struggle, it wasn't a real violent struggle, it was real mechanical, it was really like slow motion. It was— if I can kind of demonstrate. If I were Jeanine, she had the purse, and then he tugged one way and it froze, and then she tugged back and froze, and then he

tugged. It went back and forth like three or four times just real slow, real deliberate."

No words or screams occurred during this struggle from either Balsamo or defendant. Throughout this struggle Sherron never saw a gun and no indication of a weapon was given by defendant. During this struggle Sherron was waving her arms to attract attention of any passersby and to distract defendant. She then made attempts to sound the horn. "It was like I was beating on the steering wheel and no sound was coming out." Finally fearing that defendant might strike her Sherron put her head between her knees. Shortly after doing that she heard a gunshot. When she raised her head up she saw defendant running down the street. Sherron testified at some length to a variety of thoughts which went through her mind during the struggle.

The fatal gunshot wound entered the victim just in front of the left ear and exited in front of and below the right ear traveling in a forward and downward trajectory. The shot was fired with the gun barrel no more than twelve inches from the victim's head but not in contact.

On three separate occasions defendant told different persons that he had robbed a lady, that she wouldn't let the purse go, and that he shot her.

■■■ Defendant's first point challenges the sufficiency of the evidence to establish deliberation. § 565.020 R.S.Mo.1986 defines first degree murder as "knowingly causes the death of another person after deliberation upon the matter." § 565.002(3) defines "deliberation" as meaning "cool reflection for any length of time no matter how brief". Deliberation, because it is an element of the offence, must be reasonably found by the jury beyond a reasonable doubt. *State v. Mallett,* 732 S.W.2d 527 (Mo. banc 1987) [1, 2]. However, because it is a state of mind, direct proof is seldom available and the element must be inferred from the circumstances. *State v. Grubbs,* 724 S.W.2d 494 (Mo. banc 1987) [3]. The inference of deliberation has been upheld where slim circum-

stances were available to support the finding. *See State v. Mallett, supra.* Further the Supreme Court has endorsed the concept that a "deliberate act" (a free act of the will done in furtherance of some other unlawful purpose) is deliberation. *State v. Steward,* 734 S.W.2d 821 (Mo. banc 1987) [3].

■■ The evidence here is sufficient to establish deliberation. Defendant did not utilize the gun here as might be expected in a robbery—as the means to induce the victim to turn over her property. Upon his approach to the vehicle the gun was concealed and never seen by Sherron or presumably by Balsamo. It is a permissible inference that it was utilized by the defendant only after he and the victim had engaged in a pulling contest for the purse. Based on the activities of Sherron during that struggle, her numerous thought processes during the struggle, and her description of the struggle itself it is reasonable to infer that that struggle continued for several seconds at least. It is further reasonable, in view of defendant's statements and the struggle itself, that he utilized the weapon as the means to separate the purse from the victim and that he did so deliberately. The gun was in defendant's waistband when he left the restaurant. The evidence supports a conclusion it remained there until sometime during the struggle when the defendant removed it and quickly used it. Removal of the gun and its immediate use indicate deliberation. The evidence indicates that defendant was not agitated but proceeded with the attempted robbery in cool and reflective manner. The location of the wound and the distance between the gun barrel and the victim's head is indicative of an intent to kill deliberately arrived at. We find that the jury could reasonably conclude that while defendant may have had no intent to kill the victim when he arrived at the automobile, he formed such an intent during the contest for the purse, and that such intent was based on cool reflection for a brief length of time. The evidence was sufficient to support the verdict.

Defendant's second point involving double jeopardy is premised on the assumption that his attack on the first degree murder submission is meritorious. We have found it is not, so we need not reach the second point.

■ Finally, defendant contends that he was denied effective assistance of counsel because his trial counsel did not request an instruction based on MAI–CR3d 310.06 dealing with the voluntariness of his confession. Counsel sought to suppress the confession pre-trial and attacked its voluntariness during the trial. The confession indicated defendant's participation in the robbery but that Nathan Roper had actually shot the victim. At the post-trial hearing counsel testified that she wanted the jury to believe the confession. This was a reasonable position for if the jury accepted defendant's confession a verdict on a lesser crime than first degree murder would almost inevitably have resulted. At that stage of the proceedings counsel would have a better feel for the strength of the state's case than pre-trial or in the early stages of the proceeding when the confession was first introduced. The really damaging witnesses for the state testified at the end of the state's case after the police witnesses had finished. We find no ineffectiveness in counsel's representation of defendant.[1]

Judgment of conviction affirmed.

Order denying post-trial relief affirmed.

SATZ and CARL R. GAERTNER, JJ., concur.

---

[1]. Defendant's motion for remand on the basis of newly discovered evidence consisting of a prose-cutor's argument in Roper's case is denied.