STATE of Missouri, Plaintiff/Respondent,

v.

Reginald DAVIS, Defendant/Appellant.

Reginald DAVIS, Movant/Appellant,

v.

STATE of Missouri, Respondent/Respondent.

Nos. 64777, 66582.

Missouri Court of Appeals, Eastern District, Division Five.

Sept. 19, 1995.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

A jury found Reginald Davis guilty of murder in the first degree, armed robbery and

armed criminal action. He was sentenced to life imprisonment without probation or parole. He appeals that judgment and also the denial of postconviction relief. We affirm, concluding that the evidence supports the convictions, that no prejudicial trial error is demonstrated, and that the trial court appropriately rejected the claim of incompetence of counsel.

We state the facts that the jury could have found in support of the verdict. On the evening of Wednesday, December 2, 1992, Luther Blackwell, Demetrius Tabbs and the defendant were drinking copiously of beer intermingled with gin. Tabbs drove them in his newly acquired car to the central west end of St. Louis. During the ride one of the others told Tabbs that they were going to "jack" somebody. When the car reached the vicinity of Euclid and Maryland Plaza the group spied a couple on foot who turned out to be Natalie Hasty and Kevin Young. The defendant and Blackwell left the car and Tabbs drove one block west to Kingshighway. Tabbs testified that the defendant customarily carried a gun, which he concealed in the small of his back. He did not see him with the gun on this occasion, but did see the defendant reach for the small of his back as he left the car.

Hasty and Young were unloading groceries from their car in the parking lot at the rear of an apartment on Maryland Plaza. Blackwell approached Hasty, flourished a knife, and demanded her purse. He then grabbed the purse and she tried to hold on to it. At the same time the defendant headed toward Young. Just as soon as Hasty saw the person later identified as the defendant, she noticed that he was carrying a handgun. Hasty heard the sound of chains rattling and assumed that the defendant and Young were wrestling. The defendant said, "I want your money. Give me your wallet." She then heard three shots. While she was thus distracted Blackwell escaped with her purse. She then went to Young, who was lying on the ground. He and the defendant moved as much as 30 feet during the struggle. Young was mortally wounded and died before arriving at the hospital.

Blackwell was apprehended by security officers in a neighboring subdivision, carrying Hasty's purse. He was taken into custody and, after substantial equivocation and circumlocution, admitted the robbery, identifying the defendant as his companion. He testified for the state after a plea bargain. Tabbs also was apprehended at his home and testified for the state.

■ The defendant first argues that the evidence does not establish the element of deliberation which is essential to a first degree murder conviction. Hasty testified, however, that the defendant was carrying a handgun as he and Blackwell approached her and Young in the parking lot. The jury could have concluded that the defendant had formed a deliberate purpose of using the gun during his criminal enterprise if necessary to accomplish his ends. See *State v. Nelson*, 514 S.W.2d 581 (Mo.1974). Blackwell testified, furthermore, as follows:

> ... And when I snatched her purse, I seen a black male dude. I mean a black male jump up out of the car and wrestle with Reginald [the defendant]. And when he wrestled with Reginald, Reginald pulled the gun on him and shot him.

The defendant therefore made a decision to use the weapon he was carrying when he was confronted by his intended robbery victim. This demonstrates deliberation. *State v. Cuckovich*, 485 S.W.2d 16 (Mo. banc 1972). See also *State v. LaRette*, 648 S.W.2d 96 (Mo. banc 1983), *cert. denied*, 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983), holding that evidence of a prolonged struggle supports a finding of deliberation. To the extent that Blackwell's testimony diverges from Hasty's, the jury could believe either version, or could accept parts of one witness's testimony and parts of the other's.

■ The deliberation essential to a conviction of first degree murder need only be momentary. In *State v. Hatfield*, 465 S.W.2d 468 (Mo.1971) two men had a disagreement in a tavern and agreed to take their differences outside. As they were leaving one

broke a beer bottle against the doorsill and pursued the other up the alley, inflicting fatal wounds with the broken bottle. The trial judge, sitting without a jury, found the defendant guilty of first degree murder and the Supreme Court affirmed, even though only seconds elapsed between the time the defendant armed himself and the infliction of the fatal wound, and in spite of the defendant's obviously agitated state. Other authorities cited above are consistent. Perhaps the instruction language, "cool reflection" MAI–CR3d 313.02 might be applied by some jurors in a manner more favorable to the defendant than the law strictly requires. The required reflection need be only momentary to establish deliberation.

■ Error is asserted in the trial court's restriction of cross examination about the details of Blackwell's prior arrests. Blackwell initially asserted that he had never been "locked up." He then admitted that he had been arrested, but said that the charges were not so serious as those here considered. Defense counsel tried to elicit further details, but the prosecutor's objections were sustained. The court properly exercised its discretion. Cross examination about arrests not resulting in conviction is not normally allowed to impeach a witness's credibility. *State v. Skinner,* 734 S.W.2d 877, 885 (Mo. App.1987). Perhaps Blackwell opened the door when he said that he had not been locked up, but he then admitted that he had some arrests. There was no need for defense counsel to probe more deeply. The inaccuracy had already been demonstrated, and the court did not need to allow further collateral impeachment.

■ Plain error is asserted in allowing Tabbs to testify that the defendant usually carried a gun concealed in the small of his back. This testimony was relevant because Tabbs, while admitting that he saw no gun during the ride to the scene of the crime, said that he saw the defendant, as he was getting out of the car, make a motion consistent with his reaching for a gun in the place he customarily kept it. This corroborates

Hasty's testimony that she saw the defendant carrying a gun. There would have been no error, therefore, in overruling any objection that was made. By the same token, the defendant's claim that counsel was ineffective in not objecting to this portion of Tabbs's testimony is without merit. His trial counsel testified that his initial objections were overruled, and that he concluded that the jury might resent continuous unmeritorious objections. The trial court's initial rulings indicate that he would exercise his discretion in favor of allowing the testimony, and counsel's tactical decision was soundly based. Counsel might have requested a limiting or cautionary instruction, but, consistent with his testimony as to trial strategy, he might believe that such an instruction would unduly emphasize Tabbs's testimony. The trial court properly denied postconviction relief.

■ Error is further asserted in the instruction defining reasonable doubt, in which the phrases, "firmly convinced," and "the law does not require proof that overcomes every possible doubt." MAI–CR3d 302.04. This point has been consistently rejected. *State v. Antwine,* 743 S.W.2d 51 (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988); *State v. Griffin,* 848 S.W.2d 464 (Mo. banc 1993). No further discussion is required.

The judgment on each appeal is affirmed.

CRANE, C.J., and SIMON, J., concur.