**STATE of Missouri, Respondent,**

v.

**Robert W. ATTWOOD, Appellant.**

**No. SD 29358.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 15, 2009.

Craig A. Johnston, Columbia, for Appellant.

Chris Koster and Dora A. Fichter, Jefferson City, for Respondent.

DANIEL E. SCOTT, Chief Judge.

Robert Attwood (Defendant) challenges the sufficiency of evidence to support a first-degree murder conviction. We view the record most favorably to the verdict. *State v. Norman,* 243 S.W.3d 466, 469 (Mo.App.2007).

**Facts and Background**

Chris Harrison wanted to fight Brandon Bowman over a girlfriend.[1] They met at a gas station, but Bowman demurred because he was on probation. They went separate ways, but after several phone calls, they and their respective friends met at Bowman's apartment complex and agreed to fight at a place nearby. Harrison called four more friends, including Aaron King, to "have his back so he didn't get jumped." They came, but before the fight could start, someone said the police were coming and Harrison's group took off.

The police came, talked with Bowman's group, and left; then the two groups exchanged more phone calls about a new place to fight. Defendant also was invited to fight on Bowman's side, and he brought his gun.

The groups agreed to meet at a specific parking lot and eventually did so. Defen-

---

1. She had dated Harrison, but was Bowman's girlfriend on the night in question, then was back with Harrison by the time of trial.

dant rushed toward King's car, pulling his gun from about 15 feet away. Harrison fled in his vehicle.

Defendant approached King's car and pointed the gun at King. Everyone put up their hands and shrunk from the weapon, which was inside the car window near King's neck, so close that King, also with hands up, backed against the front passenger and asked Defendant not to shoot.

Defendant asked the men what their problem was. They said they had no problem, and asked him not to shoot. Defendant repeated his question, then said, "You got a problem now," and fired. The shot severed King's carotid artery, mortally wounding him.

**Sufficiency of Deliberation Evidence**

 Defendant concedes his guilt for second-degree murder, but drawing somewhat upon treatises and non-Missouri cases, he claims there was insufficient proof of the "deliberation" necessary for first-degree murder. We disagree.

Section 565.020.1 makes it first-degree murder to knowingly cause another's death after "deliberation," which means "cool reflection for any length of time no matter how brief." § 565.002(3). Deliberation need be only momentary. *State v. Clark*, 913 S.W.2d 399, 404 (Mo.App.1996)(overruled in other respects by *Deck v. State*, 68 S.W.3d 418 (Mo. banc 2002)); *State v. Davis*, 905 S.W.2d 921, 923 (Mo.App.1995). It is enough if the evidence shows that the defendant considered taking another's life in a deliberate state of mind. *Clark*, 913 S.W.2d at 404.[2]

A jury could conclude from the record that Defendant brought this gun to the fight; pulled it from 15 feet away as he approached King's car; pointed it at King's neck through the open car window; taunted the car's occupants while they cowered, hands-up and begging him not to shoot; then killed King with a point-blank shot—a record of deliberation tantamount to those found adequate in *Clark, Davis, State v. Bridges*, 810 S.W.2d 682, 684 (Mo. App.1991), and *State v. Clemmons*, 753 S.W.2d 901, 906 (Mo. banc 1988). We deny Defendant's point,[3] and affirm the judgment.

LYNCH, P.J., and RAHMEYER, J., concur.

---

**2.** Thus, Judge Blackmar reiterated that while some jurors might construe MAI's "cool reflection" reference "in a manner more favorable to the defendant than the law strictly requires," reflection "need be only momentary to establish deliberation." *Davis*, 905 S.W.2d at 923–24.

**3.** This moots Defendant's secondary argument that his armed criminal action conviction must be reversed if his first-degree murder conviction was in error.