**STATE of Missouri, Respondent,**

v.

**Connie R. SANDERS-FORD, Appellant.**

**No. SD 34544**

Missouri Court of Appeals,
Southern District,
Division Two.

FILED: September 25, 2017

Appellant's attorney: Margaret M. Johnston, Jefferson City.

Respondent's attorneys: Joshua D. Hawley, Atty. Gen., and Evan J. Buchheim, Asst. Atty. Gen.

DANIEL E. SCOTT, J.

Appellant ("Defendant") killed her former lover ("Victim") and was convicted of first-degree murder and armed criminal action. She complains that (1) the state failed to show that she deliberated before the slaying, and (2) the trial court erred in

not granting a mistrial. We affirm the convictions.

## Background [1]

■ Victim's wife was fixing supper at home when Defendant walked in, introduced herself, said she and Victim had "been having an affair for over a year" and "I'm here to tell you so that he can leave you," called Victim's wife "pathetic," then spent the next month trying to break up the marriage:

- Defendant repeatedly returned to Victim's home to make trouble. Once the police had to be called to get her to leave.

- Defendant stalked Victim's wife at her job, her home, and on the streets. Victim's wife drove to the sheriff's office on one occasion and Defendant followed her inside.

- Defendant offered Victim's adult son a financial incentive to convince Victim to abandon the marriage. When the son refused and told Defendant to leave them alone, Defendant threatened to shoot Victim and herself.

- Defendant went to the son's house, argued with Victim, and pulled a gun, which Victim took away from her.

- Defendant threatened to "destroy" Victim's family by telling the whole town about the affair, then went to the local newspaper and angrily demanded that a story be written about Victim.

- While Victim's wife was at the courthouse seeking an order of protection, Defendant approached and handed her a purported "love contract" between Defendant and Victim.

- Defendant called Victim and threatened to shoot herself because he would not leave his wife. Victim then heard a gunshot, hung up, and called 911. Police found Defendant at the cemetery, lying near grave plots owned by Victim and his wife.

Meanwhile, Victim sought to sever financial ties with Defendant,[2] then he, his wife, and his son all obtained *ex parte* orders of protection against her. Later that day, Defendant confronted Victim at his son's house and threatened to shoot Victim and his son unless the orders of protection were dropped.

Two days before the hearing date on full orders of protection against Defendant, she shot Victim in the chest at the front door to his home. As he succumbed, Defendant fled to a friend's house, confessed what she had done, and sought to call an attorney.

## Point I—Deliberation

■ Defendant asks us to declare her guilty of only second-degree murder, urging that there was no proof that she deliberated before the slaying.

■ "Section 565.020.1 makes it first-degree murder to knowingly cause another's death after 'deliberation,' which means 'cool reflection for any length of time no matter how brief.' § 565.002(3)." *State v. Attwood*, 294 S.W.3d 144, 145 (Mo. App. 2009).[3] "Deliberation is not a question of

1. We summarize facts as we must view them, in the light most favorable to the verdict. *State v. Stacy*, 913 S.W.2d 384, 386 (Mo. App. 1996).

2. Defendant had loaned Victim money and opened joint bank accounts with him.

3. Statutory citations are to RSMo 2000 as amended through the date of the offense, March 30, 2015.

time—an instant is sufficient—and the reference to 'cool reflection' does not require that the defendant be detached or disinterested." *State v. Nathan*, 404 S.W.3d 253, 266 (Mo. banc 2013). "Instead, the element of deliberation serves to ensure that the jury believes the defendant acted deliberately, consciously and not reflexively," *id.*, and may be inferred from circumstances surrounding the crime. *State v. Dailey*, 456 S.W.3d 854, 857 (Mo. App. 2014). We credit all evidence and reasonable inferences tending to show deliberation to determine whether reasonable jurors could find that element met beyond a reasonable doubt. *See Stacy*, 913 S.W.2d at 386.

■ Any of several facts outlined above could adequately support the jury's finding of deliberation. For example, that a defendant arms herself with a deadly weapon before going to the victim's home can support an inference of deliberation. *See State v. Terry*, 501 S.W.3d 456, 460 (Mo. App. 2016); *Stacy*, 913 S.W.2d at 387; *State v. Davis*, 905 S.W.2d 921, 923 (Mo. App. 1995). The inference of deliberation is strengthened by a defendant's post-shooting flight without procuring aid for the victim. *See Nathan*, 404 S.W.3d at 266 (flight without aiding "grievously wounded" shooting victim supports finding of deliberation); *State v. Strong*, 142 S.W.3d 702, 717 (Mo. banc 2004) ("failure to seek medical help for a victim strengthens the inference that the defendant deliberated"); *Terry*, 501 S.W.3d at 460; *State v. Smith*, 185 S.W.3d 747, 759 (Mo. App. 2006).

Add to these Defendant's prior threats to shoot or kill Victim, and "[w]hile the jury was not compelled to find deliberation from the evidence, the evidence was clearly sufficient to allow the jury to draw this inference." *State v. Johns*, 34 S.W.3d 93, 111 (Mo. banc 2000). Point I fails.

### Point II—Mistrial Request

■ Victim's wife testified that Defendant had struck Victim on one of her troublemaking visits first bullet-pointed above, then clarified that Victim had "said" that Defendant struck him. Citing hearsay, Defendant unsuccessfully sought a mistrial and, on appeal, challenges the denial of such relief.

■ Mistrial, a drastic remedy, lies only when necessary to cure grievous prejudice. *State v. Cummings*, 400 S.W.3d 495, 504 (Mo. App. 2013). The trial court was best positioned to assess any prejudicial effect. *Id.* We will intervene only for abuse of discretion; *i.e.*, if the ruling was so illogical, arbitrary, unreasonable, and ill-considered as to shock the sense of justice. *Id.* Defendant's sparse argument on appeal does not begin to persuade us that this high standard was met. Point denied. Judgment affirmed.

NANCY STEFFEN RAHMEYER, C.J./P.J.—CONCURS

JEFFREY W. BATES, J.—CONCURS