

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI, )
       )
    Plaintiff-Respondent, )
       )
v. )    No. SD35736
       )
WILLIAM JOSHUA CARTER, )    **Filed: May 19, 2020**
       )
    Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF NEW MADRID COUNTY

Honorable Fred W. Copeland

**<u>AFFIRMED</u>**

A jury found William Joshua Carter ("Defendant") guilty of two counts of first-degree murder.[1]  Defendant's single point on appeal claims his convictions were not supported by sufficient evidence because the State failed to prove the necessary element that he coolly reflected upon killing his estranged wife, Heather Carter ("Heather"), and her boyfriend, Aaron Campbell ("Aaron"),[2] before he ran them down with his car.  Finding no merit in that claim, we affirm.

---

[1] *See* section 565.020.  Unless otherwise noted, all statutory citations are to RSMo 2000.
[2] Because Defendant killed more than one victim, we refer to them, solely for the sake of clarity, by their first names; no disrespect or familiarity is intended.

**The Evidence**

We recite the evidence and the reasonable inferences therefrom in the light most favorable to the verdict. ***State v. Lammers***, 479 S.W.3d 624, 630 (Mo. banc 2016). We mention contrary evidence only when necessary to provide context for our analysis of Defendant's point.

Defendant and Heather married in 2012. Their marriage was a tumultuous one, with many separations followed by eventual reconciliations. At the time of the charged event, Heather and Defendant were separated, and Heather told Defendant that, this time, she was not going to take him back.

A few weeks before her death, Heather had started dating Aaron, a former childhood classmate. Less than a week before Heather's death, Defendant moved his things out of her home.

On June 17, 2016, Defendant went to work as he normally did. When he left work to take his lunch break, he saw Heather driving toward the business where he knew Aaron worked, and Defendant suspected that Heather was going there to see Aaron. Defendant followed Heather into the parking lot of Aaron's workplace and confronted her. The two argued loudly, then Defendant got into his vehicle, put it into reverse, and purposefully backed into Heather's car. He then "took off."

Heather got out of her car and called 9-1-1. While she was doing that, Aaron approached her, and the two talked near the back of Heather's vehicle, looking at the damage done to her car. In the meantime, Defendant was circling the block.

As Defendant approached the stop sign at the intersection near the parking lot, Defendant saw Heather and Aaron talking. The intersection was approximately 380 feet from where Heather's car was parked. Instead of stopping at the stop sign, Defendant pressed his accelerator to the floor. When he reached the parking lot, Defendant turned his vehicle hard-right off the roadway into it and slammed his car into Heather and Aaron at approximately 55 miles per hour. In the five seconds before he hit them, Defendant was continuously accelerating and never hit his brakes.

Aaron died at the scene. Heather made it to the hospital, but she died shortly after undergoing emergency surgery.

**Analysis**

*Sufficient Evidence of Deliberation*

Defendant's point claims "[t]he trial court erred in overruling [his] motions for judgment of acquittal[3] . . . in that the [S]tate's evidence was insufficient to" convict him of murder in the first degree in that it failed to prove that Defendant caused the deaths of Heather and Aaron after deliberation.

> When considering the sufficiency of the evidence on appeal, this Court must determine whether sufficient evidence permits a reasonable juror to find guilt beyond a reasonable doubt. The evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict.

> The crime of first degree murder consists of three elements: (1) knowingly (2) causing the death of another person (3) after deliberation upon the matter. Section 565.002(3) defines the intent element of deliberation as "cool reflection for any length of time no matter how brief."

---

[3] On appeal, we review the sufficiency of the evidence to support a criminal conviction on the merits without regard to whether or how that issue was raised at trial. ***State v. Claycomb***, 470 S.W.3d 358, 362 (Mo. banc 2015).

> The element of deliberation may be proven from the circumstances surrounding the crime.

*State v. Tisius*, 92 S.W.3d 751, 763-64 (Mo. banc 2002) (internal citations and footnotes omitted).

Defendant, who testified in his own defense, specifically claims that there was "*no evidence from which a reasonable juror could infer deliberation*" in that there was no evidence of a prolonged struggle, a lengthy attack, or prior threats against either Heather or Aaron. We disagree. The following evidence adduced at trial was sufficient to allow a reasonable juror to find that Defendant deliberated upon killing both Heather and Aaron before he carried it out.

Defendant confronted Heather at Aaron's workplace and became upset during the argument that ensued. Defendant then intentionally backed into Heather's car before driving away. Instead of leaving the scene, Defendant circled the block and returned to see that Heather, now joined by Aaron, was still in the parking lot. Upon seeing them together, Defendant admitted that he became "infuriated" and "enraged" and wanted to "take it out on someone[.]" He "rolled through" the stop sign and "hit the gas" -- accelerating from 35 to 55 miles per hour over the next 380 feet before sharply turning right into the parking lot to hit Heather and Aaron. After the impact, Defendant did not seek medical help for his victims.

"Deliberation is not a question of time – an instant is sufficient – and the reference to 'cool reflection' does not require that the defendant be detached or disinterested." *State v. Sanders-Ford*, 527 S.W.3d 223, 225-26 (Mo. App. S.D. 2017) (quoting *State v. Nathan*, 404 S.W.3d 253, 266 (Mo. banc 2013)). The jury could reasonably find from the evidence

4

before it that Defendant had sufficient time in which to alter his course of action and instead deliberately chose to kill Heather and Aaron.

Defendant's point is denied, and his convictions are affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS