

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112232 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Katherine M. Fowler |
| ISIS S. JONES, | ) | |
| | ) | |
| Appellant. | ) | Filed: March 25, 2025 |

**Introduction**

Isis S. Jones ("Jones") appeals her convictions of unlawful use of a weapon and armed criminal action. In her sole point on appeal, Jones contends the trial court plainly erred in accepting the jury's verdict and imposing a fifteen-year sentence on the unlawful use of a weapon conviction.[1] Specifically, Jones argues the variance between the indictment, which charged her with the Class B felony of shooting ***at*** a motor vehicle, and Jury Instruction No. 9, which submitted the charge as the Class E felony of shooting ***into*** a motor vehicle, resulted in manifest injustice. Jones also argues her sentence for a Class B felony resulted in prejudice because she was found guilty of a Class E felony. Lastly, Jones asserts her conviction for armed criminal action must also

---

[1] Jones argues her armed criminal action conviction should be vacated if this Court reverses her unlawful use of a weapon conviction. Given our decision to affirm her conviction of unlawful use of a weapon, her argument regarding her armed criminal action conviction is rendered moot. *See State v. Attwood*, 294 S.W.3d 144, 145 n.3 (Mo. App. S.D. 2009) (holding the defendant's secondary argument that his armed criminal action conviction must also be reversed if the appellate court reversed its related conviction was moot because his underlying conviction was affirmed).

be vacated because a conviction for armed criminal action cannot stand unless a defendant is found guilty of the underlying felony offense. This Court holds the variance between the indictment and Jury Instruction No. 9 did not prejudice Jones' defense. However, the trial court plainly erred in sentencing Jones to fifteen years' imprisonment and entering a written judgment against her for the Class B felony of shooting *at* a motor vehicle because the jury convicted her of the Class E felony of shooting *into* a motor vehicle.

Accordingly, the trial court's judgment and sentence for the Class B felony are vacated. We remand this case with instructions for the trial court to amend the written judgment to reflect Jones was convicted of a Class E felony and for resentencing. The judgment of conviction and sentence is affirmed in all other respects.

**Factual and Procedural Background**

The individuals involved in the underlying incident are Jones, D.W. and Victim. Jones and D.W. were in a romantic relationship. D.W. was Victim's best friend from middle school.

On February 4, 2020, D.W. and Victim decided to spend time together at Victim's apartment with Victim's son ("Son"). During the visit, D.W. began receiving numerous phone calls from Jones. The calls consisted of short conversations, but persisted for approximately twenty minutes. Victim could hear Jones yelling at D.W. through the phone, but she could not make out what Jones said. During one of the calls, D.W. told Jones she was "doing too much" and needed "to chill out." Victim sensed D.W. was growing increasingly upset and offered to drop her off at her aunt's house.

Victim, along with Son, drove D.W. to her aunt's house. While en route, Jones repeatedly called D.W. and the two continued to argue. As they were getting close to D.W.'s aunt's house, Victim heard a gunshot and immediately stopped her vehicle. She then saw Jones run up to the

2

driver's side window with a gun in her hand. Jones proceeded to hit the window with the gun and D.W. got out of the vehicle in an attempt to stop her. As D.W. and Jones "wrestl[ed]" on the street, Victim drove away from the scene with Son and heard a second gunshot. Victim eventually flagged down a police car. One of the officers noticed a bullet hole in Victim's vehicle and directed Victim to make a report at the police station. At the station, the police photographed the damage to Victim's vehicle and Victim identified Jones as the person who shot her vehicle.

The State charged Jones with first-degree assault (Count I), two counts of armed criminal action (Counts II and IV), unlawful use of a weapon (Count III), and endangering the welfare of a child in the second degree (Count V). Pertinent to this appeal, Count III read as follows:

> The defendant, in violation of Section 571.030, RSMo,[2] committed the class B felony of unlawful use of a weapon, punishable upon conviction under Sections 558.011 and 571.030.9, RSMo, in that on or about February 4, 2020, in the City of St. Louis, State of Missouri, the defendant, knowingly discharged a firearm *at* a 2014 Ford Focus, a motor vehicle.

(emphasis added).

On October 16, 2023, the matter proceeded to a jury trial. At trial, the State presented photographs depicting the damage to Victim's vehicle, and the testimony of Victim and two police officers involved in the investigation. Victim recounted the shooting and asserted there was no damage to her vehicle prior to the incident. She also stated she was "a hundred percent certain" Jones was the person who shot at her vehicle. On cross-examination, Victim stated she did not actually see the first gunshot or feel anything hit her vehicle, but stated she saw the flash from the second gunshot. One of the officers opined the damage to Victim's vehicle appeared to be caused by a bullet. However, the officer stated he did not recover a bullet or bullet fragments from inside the vehicle or anything of evidentiary value at the scene of the shooting. Jones did not testify in

---

[2] All statutory references are to Mo. Rev. Stat. Cum. Supp. (2020).

her own defense. However, Jones presented her defense that no shooting took place through her opening statement, cross-examination of the State's witnesses, and closing argument.

At the close of the evidence, sixteen instructions were submitted to the jury without objection. Jury Instruction No. 9 (for unlawful use of weapon) is relevant to this appeal and read as follows:

> As to Count III, if you find and believe from the evidence beyond a reasonable doubt:
> That on or about February 4, 2020, in the State of Missouri, the defendant knowingly discharged a firearm *into* a motor vehicle 2014 Ford Focus, then you will find the defendant guilty under Count III of unlawful use of a weapon.
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

(emphasis added).

After deliberating, the jury acquitted Jones of Count I and Count II, but found her guilty of unlawful use of a weapon (Count III), armed criminal action (Count IV), and endangering the welfare of a child in the second degree (Count V). Jones entered into an agreement with the State and waived jury sentencing. Pursuant to the agreement, Jones was sentenced to fifteen years' imprisonment on Count III; execution of the sentence was suspended, and she was placed on probation for three years.[3] The trial court also sentenced Jones to three years' imprisonment on Count IV, and forty-three days in jail with credit for time served on Count V.[4]

This appeal follows.

---

[3] This Court notes the trial court checked the box indicating Jones was found guilty of a Class B felony on Count III in its written judgment and sentence.

[4] Jones does not present an argument for why her conviction on Count V should be reversed. Accordingly, we do not analyze this conviction. *See Beck v. State*, 637 S.W.3d 545, 556 n.6 (Mo. App. W.D. 2021) (stating it is not within the province of an appellate court to decide arguments that are not asserted or developed).

4

**Standard of Review**

Jones concedes her point on appeal was not preserved and requests plain error review. "Generally, this Court does not review unpreserved claims of error." *State v. Jackson-Bey*, 690 S.W.3d 181, 186 (Mo. banc 2024) (quoting *State v. Brandolese*, 601 S.W.3d 519, 525 (Mo. banc 2020)). However, we have discretion to review plain errors. *Id.* Plain error review is a two-step process. *State v. Ausler*, 697 S.W.3d 24, 29 (Mo. App. E.D. 2024). "The first step is to determine whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." *Id.* "All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious, and clear." *State v. Mills*, 687 S.W.3d 668, 675 (Mo. banc 2024) (citation omitted). If plain error is found under the first step, "the Court may proceed to the second step to determine whether the claimed error resulted in manifest injustice or miscarriage of justice." *Ausler*, 697 S.W.3d at 29.

**Discussion**

In her sole point on appeal, Jones contends the trial court plainly erred in accepting the jury's verdict and thereafter sentencing her for unlawful use of a weapon because Jury Instruction No. 9 submitted a different offense to the jury than the charged offense. Specifically, Jones argues the variance between the indictment and Jury Instruction No. 9 resulted in manifest injustice because it prejudiced her defense and led to a fifteen-year sentence – the maximum allowed for a Class B felony – despite the jury convicting her of a Class E felony. We exercise our discretion to review this issue for plain error. This Court holds the variance between the indictment and Jury Instruction No. 9 did not prejudice Jones' defense. Rather, the judgment and sentence entered by the trial court for a Class B felony constitutes plain error resulting in manifest injustice because the jury found Jones guilty of a Class E felony.

First, we address Jones' argument on appeal related to the variance between the indictment and Jury Instruction No. 9. "A variance occurs when the conduct described in the charging instrument differs from the conduct described in the jury instructions." *State v. Schneider*, 678 S.W.3d 493, 509 (Mo. App. E.D. 2023) (citation omitted). "In the context of whether a variance amounts to a plain error affecting the verdict, the question is whether the defendant can demonstrate prejudice in that [she] would have been better able to defend [her] case had the change not occurred." *Id.* (citation omitted).

Section 571.030 governs the offense of unlawful use of a weapon and in pertinent part provides:

1. A person commits the offense of unlawful use of weapons, except as otherwise

   provided by sections 571.101 to 571.121, if he or she knowingly:

   ….

   (3) Discharges or shoots a firearm ***into*** a dwelling house, a railroad train, boat, aircraft, or motor vehicle as defined in section 302.010, or any building or structure used for the assembling of people; or
   ….

   (9) Discharges or shoots a firearm ***at*** or from a motor vehicle, as defined in section 301.010, discharges or shoots a firearm at any person, or ***at*** any other motor vehicle, or at any building or habitable structure, unless the person was lawfully acting in self-defense[.]

(emphasis added).

Jones contends that the variance between the indictment, which charged her with shooting ***at*** a motor vehicle, and Jury Instruction No. 9, which submitted the charge as shooting ***into*** a motor vehicle, resulted in manifest injustice because an offense differing from the charged offense was submitted to the jury. Fatal to Jones' argument is the fact that the trial transcript makes clear Jones' defense was that she did not fire a weapon. Jones' defense would have applied to both shooting ***at***

6

a motor vehicle and shooting *into* a motor vehicle as both variations of § 571.030 require shots being fired. Because Jones' defense applied to either section of the statute, she cannot demonstrate she would have been better able to defend her case had the variance not occurred. *See State v. Ganaway*, 624 S.W.3d 361, 368–69 (Mo. App. E.D. 2021) (finding the variance between the charge and the instruction did not prejudice the defendant's defense because his defense applied to both variations of resisting arrest). Accordingly, the variance between the indictment and Jury Instruction No. 9 does not require reversal of Jones' conviction on Count III. *See Schneider*, 678 S.W.3d at 509.

Although the variance between the indictment and Jury Instruction No. 9 did not prejudice Jones' defense, the trial court's entry of its sentence and judgment for a class B felony constitutes plain error resulting in manifest injustice. Pursuant to the statute, a person who knowingly discharges a firearm *at* a motor vehicle is guilty of a Class B felony. §§ 571.030.1(9), 571.030.8(4). On the other hand, a person who knowingly discharges a firearm *into* a motor vehicle is guilty of a Class E felony. §§ 571.030.1(3), 571.030.8(1). Further, § 558.011 provides the authorized terms of imprisonment for offenses based on their felony or misdemeanor classification. Relevant to this appeal, the authorized term of imprisonment for a Class B felony is "a term of years not less than five years and not to exceed fifteen years[.]" § 558.011.1(2). A class E felony carries an authorized term of imprisonment "not to exceed four years[.]" § 558.011.1(5).

As an aside, this Court notes the irony of the statute which provides different penalties for a defendant shooting *at* and shooting *into* a motor vehicle. Shooting *at* a motor vehicle is a class B felony and carries a heavier penalty than shooting *into* a motor vehicle, which is a class E felony. The fact that shooting *at* a motor vehicle carries a heavier penalty than shooting *into* a motor vehicle does not affect our decision. This Court is bound by the statutory provisions referenced

7

above and any amendments to the statute must be made by the legislature. *Schwartz v. Shamrock Dairy Queen*, 23 S.W.3d 768, 775 (Mo. App. E.D. 2000).

As referenced above, Jury Instruction No. 9 failed to mirror the language in the indictment. While the mistake in the language of Jury Instruction No. 9 may have been inadvertent, the instruction itself complied with MAI-CR 4th 426.10 (2017 ed.) – the approved instruction for unlawful use of a weapon for shooting *into* a motor vehicle. It is clear to this Court neither of the parties nor the trial court noticed the variance.[5] After deliberating, the jury returned a verdict finding Jones "guilty of unlawful use of a weapon as submitted in [Jury] Instruction No. 9." Thus, the jury convicted Jones of discharging a firearm *into* a motor vehicle – a class E felony. *See* §§ 571.030.1(3), 571.030.8(1).

Because the jury clearly returned a verdict finding Jones guilty of a class E felony on Count III, the maximum sentence Jones could receive is a term of imprisonment "not to exceed four years[.]" § 558.011.1(5). However, the State and Jones agreed to a fifteen-year sentence, which is the maximum sentence she could receive for a Class B felony. *See* § 558.011.1(2). The trial court imposed the fifteen-year sentence and entered a written judgment reflecting Jones was found guilty of a Class B felony on Count III. It is well-established "[b]eing sentenced to a punishment greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice."[6]

---

[5] When making the formal record on the jury instructions submitted by the parties, the trial court asked the State what the MAI was for Jury Instruction No. 9. The State responded, "426.08." The trial court then stated, "Okay. And this is MAI 426.08" in reference to Jury Instruction No. 9. We note that MAI-CR 4th 426.08 (2017 ed.) is the approved instruction for unlawful use of a weapon for discharging a firearm while intoxicated. The approved instruction for discharging a firearm *at* a motor vehicle, the charge alleged in the indictment, is MAI-CR 4th 426.16 (2017 ed.). But as discussed, Jury Instruction No. 9 ultimately was for the offense of discharging a firearm *into* a motor vehicle. MAI-CR 4th 426.10 (2017 ed.) is the approved instruction for this offense. This exchange clearly indicates the State did not carefully review the MAI-CR and corresponding instructions prior to submitting its final jury instructions.

[6] Although Jones agreed to the sentence imposed, this has no bearing on our analysis. The fact remains that Jones was sentenced to a classification of a crime she was not convicted of. It is manifestly unjust for Jones to receive a sentence in excess of the maximum punishment allowed for a Class E felony. *See State v. Greer*, 348 S.W.3d 149, 153–54 (Mo. App. E.D. 2011).

*State v. Yount*, 642 S.W.3d 298, 300 (Mo. banc 2022) (citations omitted). Accordingly, this Court holds the trial court plainly erred in (1) imposing Jones' fifteen-year sentence because it exceeded the maximum sentence allowed and (2) entering a written judgment of guilt for a Class B felony after the jury convicted Jones of a Class E felony. *See State v. Greer*, 348 S.W.3d 149, 153–54 (Mo. App. E.D. 2011) (finding the trial court plainly erred when it imposed concurrent sentences of fifteen years' imprisonment when the maximum sentence allowed for the defendant's conviction was a term of imprisonment not to exceed seven years); *see also State v. Stevenson*, 658 S.W.3d 115, 123 (Mo. App. S.D. 2022) (holding the trial court plainly erred when it entered a written judgment against defendant for a Class E felony when the jury found him guilty of a class A misdemeanor).

Lastly, although the wording in Jury Instruction No. 9 was inadvertent, judicial economy dictates this matter should not be remanded for a retrial. Here, the State prepared and submitted Jury Instruction No. 9. The trial court accepted the jury instruction and it was submitted to the jury without objection. The State is bound by its choice and cannot complain or benefit from an error it invited at trial. *See Stevenson*, 658 S.W.3d at 123. As such, the remedy consistently applied in cases like the present one, where the trial court erred by sentencing a defendant beyond the maximum authorized by law, is to remand for the trial court to resentence the defendant within the correct range of punishment. *See id*. Therefore, Jones should be properly sentenced for the crime for which she was properly convicted. *See State v Neal*, 328 S.W.3d 374, 385 (Mo. App. W.D. 2010).

Jones' sole point on appeal is denied in part and granted in part.

9

## Conclusion

The trial court's judgment and sentence for a Class B felony are vacated. We reverse and remand with instructions for the trial court to amend the written judgment to reflect Jones was found guilty of a Class E felony on Count III, and resentence her on that conviction consistent with this opinion. The judgment of conviction and sentence is affirmed in all other respects.

_____
Michael S. Wright, Judge

Robert M. Clayton III, J. concurs and
John P. Torbitzky, P.J. dissents in a separate opinion.



# In the Missouri Court of Appeals
## Eastern District

STATE OF MISSOURI,         )       No. ED112232
                              )
     Respondent,            )       Appeal from the Circuit Court of
                              )       the City of St. Louis
v.                                  )
                              )       Honorable Katherine M. Fowler
ISIS S. JONES,              )
                              )
     Appellant.              )       Filed: March 25, 2025

## DISSENTING OPINION

I respectfully dissent in this unusual case. From the record, it appears that the State, Jones's counsel, and the circuit court throughout the duration of the case believed that Jones was on trial for the class B felony of unlawful use of a weapon. The class B felony charge required a factual finding that Jones shot "at" a motor vehicle. Sections 571.030.1(9), 571.030.8(4). Yet, for some unknown reason, the jury was instructed on a class E felony for unlawful use of a weapon, which required the factual finding that Jones shot "into" a motor vehicle. Sections 571.030.1(3), 517.030.8(1). The jury returned its verdict finding Jones guilty of shooting "into" a motor vehicle. Then, the State and Jones's counsel agreed on a recommended sentence of fifteen years, and suspended execution of that sentence for a three-year probationary period. That sentence exceeded the maximum allowable for a class E felony but is within the allowable range for a class B felony.

1

Only on appeal did anyone seem to notice the variance between the indictment and the instruction. On appeal, Jones argues that the variance was material to the merits of the case and prejudicial to her defense and is therefore fatal. *See State v. Sallee*, 624 S.W.2d 184, 187 (Mo. App. 1981). The principal opinion rejects this argument because the variance between the indictment and the instruction had no practical effect on Jones's ability to defend the case. I agree with this determination. The State's evidence showed that Jones fired two rounds towards the victim's motor vehicle, one of which hit the vehicle and created a bullet hole. This evidence supports a finding that Jones both shot "at" and "into" the motor vehicle. And the jury necessarily must have found that Jones shot "at" the motor vehicle to have found that she shot "into" the motor vehicle.[1] Arguably, the variance in the instruction actually increased the State's burden because it is possible to shoot "at" a motor vehicle without shooting "into" it. As a result, I agree that the circuit court did not plainly err in the giving the "into" instruction. In my opinion, this is where the analysis should end.

The principal opinion, however, continues on to reach what it deems to be a plain error that was never raised or argued by any party at any point in this case's history. The principal opinion holds that, although the instruction did not erroneously vary from the class B felony charge, the circuit court plainly erred by entering a class B felony conviction and sentence. In my opinion, because this issue was not squarely raised in Jones's brief, we should not address it. Although Jones's brief vaguely suggests that the circuit court erred in entering the class B felony conviction and sentence, it was not the main argument. The State did not address the issue in its

---

[1] Several cases from this Court have previously determined that shooting "at" and shooting "into" have little meaningful difference in most contexts because evidence of one is frequently evidence of the other. *See State v. Hardridge*, 628 S.W.3d 244, 248-49 (Mo. App. 2021) (discussing cases). As these cases have noted, the legislature is the appropriate body to rectify any perceived issues with the wording of the statute.

brief, apparently believing, as do I, that the only error raised by Jones was that there was a variance between the indictment and the instruction. I do not believe that this Court should craft an argument and remedy for appellants while denying respondents an opportunity to respond.[2]

Moreover, I believe the principal opinion's analysis on the issue it raises is incorrect. By finding that the instruction did not impermissibly vary from the indictment, the principal opinion necessarily concludes that the "into" language in the instruction acted as an adequate substitute for the "at" language in the charge. That being the case, the circuit court did not commit an evident, obvious, and clear error by entering a conviction on the class B felony. And, if the conviction on the class B felony was appropriate, then so too was entry of the sentence. This is particularly true given Jones's agreement to the sentence she received.

This peculiar outcome is required by the redundancy contained in § 571.030, under which nearly identical conduct can be charged under one of two different felony classes. *State v. Hardridge*, 628 S.W.3d 244, 249 (Mo. App. 2021). This Court is not in a position to alter the existence of this redundancy, only to address the effects of the language on a case-by-case basis.

Therefore, I must dissent from the principal opinion. I believe that given the unique circumstances of this case, both legally and factually, the circuit court did not commit an evident, obvious, and clear plain error. While I do believe there were errors made at trial, I believe they

---

[2] I recognize that Rule 30.20 gives this Court authority to address plain errors even when they are not briefed. However, doing so should be limited to those exceedingly rare circumstances in which no reasonable person could question that a manifest injustice has occurred. "All prejudicial error . . . is not plain error, and plain errors are those which are evident, obvious, and clear." *State v. Brandolese*, 601 S.W.3d 519, 531 (Mo. banc 2020) (quoting *State v. Baumruk*, 280 S.W.3d 600, 608 (Mo. banc 2009)). Given the uncertainty surrounding the giving of this instruction, I do not believe this is a circumstance that demonstrates an evident, obvious, and clear plain error. Allowing plain error of unpreserved claims "obviates the need for such strategic decisions and, therefore, encourages sandbagging such claims." *State v. Emery*, 701 S.W.3d 585, 609 n.12 (Mo. banc 2024).

would be most appropriately addressed in a postconviction motion where the motives of counsel can be explored at an evidentiary hearing.

John P. Torbitzky, P.J.

4